PER CURIAM.
 

 | [Writ granted in part; case remanded. The district court’s judgment denying relator’s post-conviction application as time barred under art. 930.8(A) is vacated and the district court is directed to hold an evidentiary hearing only as it relates to relator’s recent discovery of a police report authored by Lieutenant Roy Reed and the alleged suppression by the state of evidence relating to possible criminal activity of witness, Detective Loren Peterson. Unless the state establishes that events not under its control have prejudiced its ability to “respond to, negate, or rebut” the newly discovered evidence,
 
 see
 
 La. C.Cr.P. art. 930.8(B), the district court is instructed to consider whether the state’s failure to disclose the material undermines confidence in the outcome of the trial in violation of
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny. In addition, although relator apparently failed to raise this issue in the district court in conjunction with his application and “[t]he general rule is that appellate courts will not consider issues raised for the first time,”
 
 Segura v. Frank,
 
 93-1271 (La.1/14/94), 630 So.2d 714, 725, in the interest of judicial economy, the district court is also instructed to determine whether an arrest warrant, signed by Detective Demma of the New Orleans Police Department, which listed the race and gender of the victim, constitutes newly discovered evidence which requires consideration on the merits as “facts ... not known to the petitioner or his attorney” under La.C.Cr.P. art. 930.8(A)(1). In all other respects, relator’s application is denied.
 

 VICTORY and KNOLL, JJ., would deny.