In re Michael Shannon;—Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. G, No.-478-693; to the Court of Appeal, Fourth Circuit, No. 2015-K-0176.
11Writ granted; case remanded. The district court’s ruling summarily dismissing relator’s post-conviction application is vacated and the district court is directed to conduct an evidentiary hearing at which relator will be afforded the opportunity to present his claim of ineffective assistance of counsel with supporting evidence. Although only relator’s pro se claims were raised in the district court (because relator filed his application before pro bono post-conviction counsel enrolled), and “[t]he general rule is that appellate courts will not consider issues raised for the first time,” Segura v. Frank, 93-1271 (La.1/14/94), 630 So.2d 714, 725, the interests of judicial economy and justice warrant the consideration of both delator’s pro se and counselled allegations at an eviden-tiary hearing. See, e.g., State v. Duncan, 08-2244 (La.1/22/10), 26 So.3d 148 (granting writs to remand the petitioner’s post-conviction claims, including a claim not previously presented to the district court, for an evidentiary hearing). Following the hearing, the district court is ordered to determine whether trial counsel rendered ineffective assistance under , the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).