JOHNSON, C.J.,
would grant the writ and assigns reasons.
| Relator initiated these proceedings in a pro se capacity, and post-conviction- counsel did not enroll until after both lower courts denied relief. Relator has now bolstered his allegations with an affidavit and counseled arguments, the benefit of which the district court did not have in assessing the claims. Although this court generally declines to exercise its jurisdiction to intervene in such circumstances, see Segura v. Frank, 93-1271 (La. 1/14/94), 630 So.2d 714, 725 (“[t]he general rule is that appellate courts will not consider issues raised for the first time”), the policy is not a bar which precludes exercise of its plenary authority, especially in the rare instances in which the interests of justice and economy so warrant. See, e.g., State ex rel. Shannon v. State, 15-0792 (La. 6/17/16), 194 So.3d 1105 (granting writs to remand claims for an evidentiary hearing, including counseled arguments and new evidence not presented below); State v. Duncan, 08-2244, (La. 1/22/10), 26 So.3d 148. Considering relator has made a colorable claim that the state presented false testimony which contributed substantially, if not entirely, to the verdict and that he was denied due process as a result of the state’s suppression of certain evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), I would grant relator’s writ application and remand this matter for an evidentiary hearing to determine whether the state suborned perjury hand/or suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny.